IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTRELL TEEN, #461504 | )<br>)<br>) |
|       Plaintiff, | )<br>) |
| vs. | )   Case No. 18-cv-996-JPG<br>) |
| GERMAINE, ZANTE, and JOHN DOE #3, | )<br>)<br>)<br>) |
|       Defendants. | )<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was severed on April 18, 2018 from *Teen v. John Doe #1*, Case No. 18-cv-568-JPG-RJD (S.D. Ill.). (Doc. 1). It contains the claim designated as Count 9 in the original case, described as follows:

> **Count 9:** Fourteenth Amendment deliberate indifference claim against Germaine, Zante, and John Doe #3, for repeatedly exposing Plaintiff to harmful exhaust fumes in February 2018 and March 2018.[1]
> .

Plaintiff Antrell Teen, a pretrial detainee confined at the St. Clair County Jail ("the Jail"), filed the original civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2018. This severed action pertains to Plaintiff's exposure to hazardous fumes and certain officials' allegedly deficient response to Plaintiff's complaints regarding the same. Plaintiff's claims are now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-

---

[1] The severance order indicated that Plaintiff was exposed to hazardous fumes in February 2018. However, upon further review, it appears that Plaintiff's allegations include exposure incidents occurring in February and March 2018. (Doc. 2-1, p. 4). The Court has revised Count 9 accordingly.

1

meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint (Doc. 2)

Plaintiff's factual allegations relating to Count 9 are as follows.

2

On February 1, 2018, hazardous fumes started pouring into Plaintiff's cellblock (L-Block) through the ventilation system. (Doc. 2, p. 8). C/O Taylor (not a Defendant) discovered that the fumes were coming from a box truck outside the building that had a bad exhaust leak. *Id.* The fumes were particularly strong because "[t]here is a switch [an air handler] that sucks the outside air into L-Block" and L-Block "is small, approximately 30 feet by 10 feet." (Doc. 2, p. 8; Doc. 2-1, p. 2). Plaintiff compares the experience to being confined in a "garage with a running car." (Doc. 2-1, p. 2). Taylor opened a door and placed a fan to remove the fumes from the block.

Plaintiff wrote a complaint asking the supervisor (Botnak, or possibly Boujack)[2] to address the problem so it would not recur. However, nothing was done, and on February 8, 2018, the same thing happened. (Doc. 2, p. 9; Doc. 2-1, p. 2). This time, C/O Germain refused to open the door to bring in fresh air. Plaintiff yelled for a supervisor, but Germain and C/O Zante again refused to help. Another officer (Miller) finally opened the door. Again, on February 15, 2018, exhaust fumes began pouring in through the ventilation system. Plaintiff suffered headaches, dizziness, difficulty breathing, burning eyes, and stomach pains from the fumes. Supervisor John Doe #3 failed to remedy the situation despite Plaintiff's complaints. (Doc. 1-1, pp. 2-4).

The exhibits attached to the Complaint indicate that inmates are exposed to strong exhaust fumes every Thursday between 7:00 am and 9:00 am for anywhere from 30 minutes to 60 minutes. (Doc. 2-1, pp. 2-4). The exhibits also suggest that, with few exceptions, the on-duty correctional officers and supervisors are aware of the problem but failed to take action. *Id.*

---

[2] Plaintiff identifies this individual as "Botnak" in the body of the Complaint (Doc. 1, p. 9), however, he did not include Botnak as a Defendant. Plaintiff did, however, list "Sgt. Boujack" among the Defendants. Because it was not clear from the Complaint, Boujack was dismissed from the action without prejudice in the severance order. (Doc. 1).

**Applicable Standard**

Plaintiff is a pretrial detainee rather than a convicted prisoner. Accordingly, Plaintiff's claims derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to conditions claims raised by pretrial detainees. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017).

The propriety of applying the more stringent standard to pretrial detainees' conditions of confinement claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015). In *Kingsley*, a pretrial detainee sued for excessive force, and the Supreme Court held that the appropriate standard was whether the officers' purposeful or knowing use of force was objectively unreasonable, not whether the officers were subjectively aware that their use of force was unreasonable. *Id*. at 2470. However, *Kingsley* was an excessive force case, and it is not yet clear that the objective standard applies in other types of pretrial detention conditions cases.

In 2016, the Seventh Circuit suggested that the deliberate indifference standard still applies to other types of claims by pretrial detainees. *See Phillips v. Sheriff of Cook Cnty*., 828 F.3d 541, 554 n.31 (7th Cir. 2016) (acknowledging *Kingsley* but applying deliberate indifference standard to medical claim brought by pretrial detainee). In a subsequent decision, however, the Court of Appeals applied the objective unreasonableness standard to a conditions of confinement

claim raised by several pretrial detainees. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017). After *Mulvania,* the Seventh Circuit has acknowledged, but declined to decide the issue on two occasions. In *Collins v. Al-Shami,* 851 F.3d 727, (7th Cir. 2017), a conditions case involving medical care, the Seventh Circuit expressly declined to address whether *Kingsley* applied to the plaintiff's claims because resolution of the issue was unnecessary to the case before it. *Collins,* 851 F.3d at 731. The Appellate Court took the same route in *Smego v. Jumper,* 707 F. App'x 411 (7th Cir. 2017) (unpublished), explaining as follows:

> We have not decided whether the reasoning in *Kingsley* extends beyond claims of excessive force. *See Collins*, 851 F.3d at 731; *but see Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (applying objective-reasonableness standard to detainee's conditions-of-confinement claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (same with failure-to-protect claim). But we need not resolve this issue now, because even under the less demanding objective-reasonableness standard, [Plaintiff ] would not prevail.

*Smego,* 707 F. App'x at 412.

Most recently, however, the Seventh Circuit stated as follows, with regard to a pretrial detainee's claim involving deficient medical care:

> As a pretrial detainee, [plaintiff's] constitutional rights are derived from the Fourteenth Amendment's due-process clause rather than the Eighth Amendment, which applies to convicted inmates. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). But the standards are virtually indistinguishable. A detainee must have a medical condition "objectively serious enough to amount to a constitutional deprivation," and "the defendant prison official must possess a sufficiently culpable state of mind." *Id*.

*Ayoubi v. Dart,* 2018 WL 1445986, *3 (7th Cir. March 23, 2018) (unpublished).

In the instant case, the Court need not resolve any uncertainty pertaining to *Kingsley*. As is set forth more fully below, the Court finds that Count 9 survives even under the more stringent deliberate indifference standard.

5

**Discussion**

To establish a constitutional violation with respect to prison living conditions, an inmate must be able to demonstrate both: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)).

As to the objective prong, "[t]he Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Conditions which merely create temporary discomfort and inconvenience do not implicate the Constitution, *see Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986), and "routine discomfort[s]" do not suffice. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Instead, "extreme deprivations are required to make out a conditions-of-confinement claim." *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001).

The Seventh Circuit has "continually espoused a prisoner's right to adequate ventilation." *Bd. v. Farnham*, 394 F.3d 469, 487 (7th Cir. 2005); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988); *Shelby County v. Westlake*, 798 F.2d 1085, 1087 (7th Cir. 1986). When the plaintiff alleges "direct physical manifestation of the harm caused by the poor ventilation, as well as the quite likely possibility for future health problems" he has satisfied the objective prong of an Eighth Amendment violation. *Farnham*, 394 F.3d at 486.

Whether periodic exposure to exhaust fumes for 30 to 60 minutes at a time constitutes a sufficiently serious condition is questionable. Arguably, the circumstances Plaintiff describes suggest a mere discomfort or inconvenience rather than an extreme deprivation. However,

Plaintiff also alleges that the he suffered headaches, dizziness, difficulty breathing, burning eyes, and stomach pains. He claims that his cell block was relatively small and likens the experience to being confined in a garage with a vehicle running. In light of these claims and the early stage of the litigation, the Court finds that Plaintiff has sufficiently alleged an objectively serious condition.

Whether Plaintiff has sufficiently alleged deliberate indifference as to the named defendants is a closer call. "Deliberate indifference ... means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Establishing that an official acted negligently does not suffice. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." *Id*.

According to the Complaint, on February 8, 2018, Germaine and Zante were aware of the exhaust fumes but refused to take any action. Additionally, Plaintiff claims that on February 15, 2018, Supervisor John Doe #3 refused to take any action despite Plaintiff's complaints about the exhaust fumes and his associated physical symptoms. It is unclear whether Germaine, Zante, and Supervisor John Doe #3 were aware that exposure to exhaust fumes was an ongoing issue or whether each defendant's involvement was more limited. Nevertheless, given the early stage of the litigation, the Court will allow Count 9 to proceed as to Germaine, Zante, and John Doe #3.

**Identification of Unknown Defendant**

Where a prisoner's complaint states specific allegations describing conduct of individual jail staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain

the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In order to allow Plaintiff to pursue such discovery, the Clerk shall be directed to add the Sheriff of St. Clair County as a Defendant in this action, in his official capacity only. The Sheriff shall then be responsible for responding to discovery aimed at identifying the unknown Defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the Supervisor John Doe #3 is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## Disposition

The Clerk is **DIRECTED** to add the **ST. CLAIR COUNTY SHERIFF (Official Capacity Only)** as a Defendant**.**

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 9,** shall proceed as to **GERMAINE, ZANTE,** and **JOHN DOE #3.**

The Clerk of Court shall prepare for Defendants **GERMAINE, ZANTE,** and **ST. CLAIR COUNTY SHERIFF (OFFICIAL CAPACITY ONLY)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE #3** (Supervisor) until such time as Plaintiff has identified this individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7** days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 21, 2018**

s/J. Phil Gilbert  
United States District Judge